## CROOK v. PRUDENTIAL INS. CO. OF AMERICA.

### No. 536.

District Court, W. D. Kentucky.

Aug. 20, 1940.

C. C. Grassham, of Paducah, Ky., for plaintiff.

Wheeler & Shelbourne, of Paducah, Ky., for defendant.

MILLER, District Judge.

The plaintiff has moved to strike the amended answer which asserts that the alleged cause of action for disability benefits is not vested in the plaintiff, who was the assured under the contract of insurance herein sued on.

The right to receive the disability benefits accrued, according to the amended and supplemental petition, on September 11, 1930. The plaintiff was adjudicated a bankrupt on May 22, 1933. The petition was filed on March 9, 1937. The disability benefits payable after September 11, 1930, are assets of the bankrupt estate to which the trustee in bankruptcy is entitled. In re Kern, D.C., 8 F.Supp. 246; Legg v. St. John, Trustee, 296 U.S. 489, 297 U.S. 695, 56 S.Ct. 336, 80 L.Ed. 345. The amended answer alleges that this asset was not listed by the bankrupt and was not made available to the creditors to whom the bankrupt was indebted in the sum of several thousand dollars, and that the creditors of the plaintiff received nothing from the bankrupt estate. Such allegations are sufficiently definite to show the necessity of making the trustee in bankruptcy a party plaintiff to this action, who will be entitled to receive as many monthly payments as are necessary to pay creditors in full before any payments are made to the present plaintiff. Their respective rights in the recovery, if any, can be raised by the intervening petition of the trustee to be filed in this action, after the bankruptcy proceedings are reopened by reason of unadministered assets and the trustee reappointed. 11 U.S.C.A. § 11, sub. a(8). Until this is done, or until the present plaintiff shows by amended petition that all such

240

creditors have been satisfied in full, there is a nonjoinder of necessary parties. Rule 19 (a), Rules of Civil Procedure, 28 U.S. C.A. following section 723c. Plaintiff's motion to strike the amended answer is overruled.